UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE PEREZ,<br><br>            Plaintiff,<br><br>       vs.<br><br>BONTA, et al.,<br><br>            Defendants. | 1:22-cv-00692-AWI-GSA-PC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND**<br><br>**(ECF No. 11.)**<br><br>**ORDER FOR CLERK TO FILE SECOND AMENDED COMPLAINT LODGED ON JULY 11, 2022**<br><br>**(ECF No. 12.)** |

**I.    BACKGROUND**

Jesse Perez ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action under 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on April 27, 2022.  (ECF No. 1.)  On May 12, 2022, Plaintiff filed the First Amended Complaint as a matter of course.  (ECF No. 5.)

On July 11, 2022, Plaintiff filed a motion for leave to file a Second Amended Complaint. (ECF No. 11.)  Plaintiff also lodged a proposed Second Amended Complaint for the Court's review.  (ECF No. 12.)

## II.     RULE 15(a) – LEAVE TO AMEND

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)).  However, courts "need not grant leave to amend where the amendment:  (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile."  Id.  The factor of "'[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend.'"  Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712, 713 (9th Cir. 2001) (quoting Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999)).

### **Plaintiff's Motion**

Plaintiff seeks to file a Second Amended Complaint to add additional state defendants alleged to have violated Plaintiff's protected rights.  At this stage of the proceedings Plaintiff may only amend the complaint with leave of court.   Fed. R. Civ. P. 15(a)(2).  He argues that his motion should be granted because in this early stage of the proceedings the Court has not issued its screening order and none of the defendants have made an appearance.

The Court finds no bad faith or futility in Plaintiff's proposed amendment.  The proposed supplemental information arises from the same events at issue in the First Amended Complaint for this action.   Because the First Amended Complaint awaits the Court's requisite screening and has not been served, there will be no undue delay or prejudice to Defendants in allowing Plaintiff to file a Second Amended Complaint.  Therefore, Plaintiff s motion shall be granted, and the Second Amended Complaint shall be filed.

## III.    CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to amend the complaint, filed on July 11, 2022, is granted;

///

2. The Clerk of Court is directed to file the Second Amended Complaint lodged on July 11, 2022; and

3. The Second Amended Complaint shall be screened in due course.

IT IS SO ORDERED.

Dated: **October 23, 2022**              **/s/ Gary S. Austin**
                                                                          UNITED STATES MAGISTRATE JUDGE